UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL AZCONA, | Civil Action No. 20-8526 (FLW) |
| Plaintiff, | |
| v. | MEMORANDUM & ORDER |
| CHARLES ELLIS, et al., | |
| Defendants. | |

Plaintiff Daniel Azcona is a pretrial detainee currently incarcerated at Mercer County Correctional Center. He has filed a Complaint asserting violations of his civil rights pursuant to 28 U.S.C. § 1983, *see* ECF No. 1, and an application to proceed *in forma pauperis* ("IFP application"). ECF No. 2-1. At this time, the Court will grant Plaintiff's IFP application. *See* 28 U.S.C. § 1915. This case is subject to *sua sponte* screening by the Court pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons explained in this Memorandum and Order, the Court will provide Plaintiff with the opportunity to submit an Amended Complaint prior to screening the Complaint for dismissal.

On July 9, 2020, Plaintiff's original Complaint was docketed. ECF No. 1. In the original Complaint, Plaintiff asserts that he contracted the novel coronavirus disease 2019 ("COVID-19") at Mercer County Correctional Center and seeks "immediate release on drug court supervision" and $500,000,000 in damages. *See* ECF No. 1 at 1-6.

Subsequently, Plaintiff filed numerous letters regarding "evidence" and grievances related to his civil case. *See* ECF Nos. 2-13. It is not clear whether Plaintiff is attempting to supplement or amend his Complaint through these submissions. The Court declines to construe these piecemeal submissions as amendments to Plaintiff's Complaint, as they do not comply with

Fed. R. Civ. P. 15.  The Court further notes Plaintiff is <u>not</u> required to prove his case or submit evidence at this stage of the proceedings.  Instead, his Complaint must comply with Fed. R. Civ. P. 8(a), which provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8, General Rules of Pleading.  Because Plaintiff appears to seek release from pretrial detention, the Court notes that release from detention is not available relief in a civil rights action.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).  Accordingly, this action, even if successful, would not entitle Plaintiff to release from pretrial detention.

In light of his pro se status, the Court will provide Plaintiff the opportunity to submit a single all-inclusive Amended Complaint within 45 days of the date of this Memorandum and Order.  If Plaintiff submits an Amended Complaint within 45 days, the Court will screen the Amended Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  If Plaintiff fails to submit an Amended Complaint within that timeframe, the Court will consider his original Complaint as the operative complaint in this action and screen the original Complaint pursuant to

§ 1915(e)(2)(B). The Court will also administratively terminate this matter pending Plaintiff's response to this Memorandum and Order.[1]

**IT IS, THEREFORE**, on this 15th day of September 2020,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 2-1) is hereby **GRANTED**; and it is further

**ORDERED** that the Complaint shall be filed (ECF No. 1); and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Mercer County Correctional Center; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

---

[1] Petitioner is informed that administrative termination is not a "dismissal," and that the Court retains jurisdiction over his case. *See Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals). "Dismissals end all proceedings, at which time the district court relinquishes any jurisdiction over the matter. . . . By contrast, administrative closings do not end the proceeding. Rather, they are a practical tool used by courts to 'prune . . . overgrown dockets' and are 'particularly useful in circumstances in which a case, though not dead, likely to remain moribund for an appreciable period of time.'" *Id.* (citing *Freeman v. Pittsburgh Glass Works*, LLC, 709 F.3d 240, 247 (3d Cir. 2013) (internal quotation marks omitted); *see also Lehman v. Revolution Portfolio, LLC*, 166 F.3d 389, 392 (1st Cir. 1999) ("Administrative closings comprise a familiar, albeit essentially *ad hoc*, way in which courts remove cases from their active files without making any final adjudication.").

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a copy of the Prisoner Civil Rights Complaint form, DNJ-ProSe-006.pdf; and it is further

**ORDERED** that Plaintiff may submit an all-inclusive Amended Complaint within 45 days of the date of the Order; and it is further

**ORDERED** that if Plaintiff fails to submit an Amended Complaint within that timeframe, the Court will screen Plaintiff's original Complaint (ECF No. 1), for dismissal pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action pending Plaintiff's response to the Court's Memorandum and Order; and it is further

  **ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff at the address on file.

                 <u>/s/ Freda L. Wolfson</u>
                 Freda L. Wolfson
                 U.S. Chief District Judge