**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL AZCONA, | |
| Plaintiff, | Civ. No. 20-8526 (GC) (TJB) |
| v. | |
| CHARLES ELLIS, et al., | **MEMORANDUM & ORDER** |
| Defendants. | |

**CASTNER, District Judge**

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil action. This Court previously screened Plaintiff's Original and Amended Complaints and dismissed them without prejudice for failure to state a claim upon which relief may be granted. (*See* ECF 26, 37 & 38). In those Complaints, Plaintiff asserted civil rights claims under 42 U.S.C. § 1983 arising from the fact that Plaintiff contracted COVID-19 in May 2020, while incarcerated as a pretrial detainee at Mercer County Correctional Center ("MCCC"). In March 2021, Plaintiff was given one final opportunity to submit another proposed amended complaint if he could cure the deficiencies as stated in this Court's previous Opinions and Orders. (*See* ECF 38).

Plaintiff did not submit another proposed amended complaint. Instead, he wrote to the Court regarding pending criminal charges in Camden County. (*See* ECF 39 & 41). On August 26, 2021, the Court denied Plaintiff's leave to amend the Complaint to include civil rights or habeas claims regarding his pending state criminal proceedings in this action because it involved entirely new claims and defendants. (*See* ECF 42). The Court informed Plaintiff he could file a new civil

rights action and directed this matter be dismissed with prejudice and closed. (*See id.*). Plaintiff now has a civil action in the Camden vicinage.[1] (*See* Civ. No. 21-17123).

Subsequently, also in September 2021 and November 2021, Plaintiff filed several documents in this case. (*See* ECF 43 & 45-47). Once again, Plaintiff appeared to want to bring unrelated claims and actions against new defendants related to his criminal proceedings in Camden County. On January 4, 2023, this Court denied Plaintiff's attempts to amend to bring unrelated claims and defendants for the same reasons as stated in the August 26, 2021 Order. (*See* ECF 49).

In a series of filings beginning on February 28, 2023 through March 9, 2023, Plaintiff has filed several documents in this action. (*See* ECF 51 & 53-56). Plaintiff's filings allude to the Camden County Drug Court (*see* ECF 51 at 2); Camden County Correctional Facility Grievances (*see* ECF 53 at 2); and crimes committed presumably while Plaintiff was housed at Camden County Correctional Facility (*see* ECF 54 at 1).

As this Court noted in its January 4, 2023 Order, it appears as if Plaintiff's complaints arise from his criminal prosecution and actions while he was detained at the Camden County Correctional Facility. Thus, such claims are more properly brought before the Camden vicinage rather than this case which, as previously indicated, is unrelated as it involved Plaintiff's COVID-19 diagnosis while at MCCC. Given these facts, this Court will once again deny Plaintiff's attempts to amend to bring unrelated claims against new defendants in this action that was previously dismissed with prejudice.

---

[1] That matter was initially closed pursuant to Local Civil Rule 10.1 when mail sent to Plaintiff was returned as undeliverable. (*See* No. 21-17123 ECF 4 & 5). On February 22, 2023, that matter was reopened after Plaintiff submitted an updated address. However, it was subsequently re-administratively terminated because Plaintiff had failed to pay the filing fee or submit a complete *in forma pauperis* application. (*See* No. 21-17123 ECF 8). Plaintiff was given thirty days to correct those deficiencies. To date, he has not.

Accordingly, IT IS on this 15th day of March, 2023,

ORDERED that the Clerk shall reopen this matter so that Plaintiff's recent filings (ECF 51 & 53-56) may be analyzed and considered; and it is further

ORDERED that Plaintiff's recent filings (ECF 51 & 53-56), construed as requests to bring unrelated claims against new defendants, are denied for the reasons stated by this Court on August 26, 2021, January 4, 2023 and this Memorandum and Order; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Plaintiff by regular U.S. mail; and it is further

ORDERED that the Clerk shall mark this case as closed.

*Georgette Castner*
GEORGETTE CASTNER
United States District Judge

3