**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL AZCONA, | : |
| Plaintiff, | : Civ. No. 20-8526 (GC) (TJB) |
| v. | : |
| CHARLES ELLIS, et al., | : **MEMORANDUM & ORDER** |
| Defendants. | : |

**CASTNER, District Judge**

    Plaintiff, Daniel Azcona ("Plaintiff" or "Azcona"), is proceeding *pro se* and *in forma pauperis* in this civil action. This Court previously screened Plaintiff's Original and Amended Complaints, ultimately dismissing them without prejudice for failure to state a claim upon which relief may be granted. (*See* ECF 26, 37 & 38). Plaintiff's Complaints asserted civil rights claims pursuant to 42 U.S.C. § 1983 arising from the fact that Plaintiff contracted COVID-19 while detained at the Mercer County Correctional Center ("MCCC"). In March 2021, this Court gave Plaintiff one final opportunity to submit another proposed amended complaint to the extent he could cure the deficiencies of his previously dismissed pleadings. (*See* ECF 38).

    Plaintiff did not submit another proposed amended complaint at that time. Instead, he wrote to this Court regarding pending criminal charges in Camden County. (*See* ECF 39 & 41). On August 26, 2021, this Court denied Plaintiff's leave to amend to include claims related to his pending state criminal charges *in this action* because it involved entirely new claims and Defendants. (*See* ECF 42). This Court instructed Plaintiff that he could pursue a civil rights action

as a *new action* and dismissed this matter *with prejudice*. (*See id.*). Plaintiff then pursued a civil rights action in the Camden vicinage. (*See* No. 21-17123).

In September 2021 and November 2021, Plaintiff filed several documents in this case seeking to pursue unrelated claims against new Defendants again related to his criminal proceedings in Camden County, New Jersey. (*See* ECF 43; 45-47). On January 4, 2023, this Court again denied Plaintiff's attempts to bring such claims in this action for the same reasons as discussed in the August 26, 2021 Order. (*See* ECF 49).

Next, in several filings in February and March 2023, Plaintiff alluded to the Camden County Drug Court (*see* ECF 51 at 2); Camden County Correctional Facility Grievances (*see* ECF 53 at 2); and crimes presumably committed while Plaintiff was housed at the Camden County Correctional Facility. (*See* ECF 54 at 1). In a March 16, 2023 Order, this Court noted that these claims were more proper in the Camden vicinage rather than in this case which involved Plaintiff's COVID-19 diagnosis while at MCCC. Thus, this Court denied Plaintiff's requests to amend to the extent that Plaintiff sought to bring these claims in this particular action. (*See* ECF 58).

Subsequently, in a series of filings in April 2023, Plaintiff has indicated another attempt to amend this case. As with Plaintiff's other filings, however, the allegations do not appear to relate to Plaintiff's COVID-19 diagnosis that took place in MCCC. Furthermore, as noted *supra*, this case has already been dismissed *with prejudice*. Thus, such requests to amend will again be denied given their unrelatedness to this case and the fact that this case has already been dismissed with prejudice.

Accordingly, IT IS on this 12th day of October, 2023,

ORDERED that the Clerk shall reopen this case so that Plaintiff's recent filings (ECF 50, 60 and 61) can be analyzed as such filings are construed as Plaintiff's attempt to amend his Complaint; and it is further

ORDERED that Plaintiff's recent filings (ECF 50, 60 & 61), construed as requests to amend this action, are denied for the reasons stated by this Court on August 26, 2021, January 4, 2023, March 16, 2023 and this Memorandum and Order; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Plaintiff by regular U.S. mail; and it is further

ORDERED that the Clerk shall reclose this case.

_____
GEORGETTE CASTNER
United States District Judge